Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Leanne H. Solish (SBN 280297)
  lsolish@glancylaw.com
Raymond D. Sulentic (SBN 316913)
  rsulentic@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN A. DOUGLAS, Individually, as Trustee of the Lauren L. Douglas Trust, and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>HENRIK FISKER, GEETA GUPTA-FISKER, and JOHN FINNUCAN,<br><br>            Defendants. | Case No. 2:23-cv-09976-FLA (KSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Date: March 14, 2025<br>Time: 1:30 p.m.<br>Courtroom: 6B |

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Lead Plaintiff John A. Douglas ("Plaintiff") responds to Defendants'[1] Request for Judicial Notice ("RJN") (Dkt. No. 64-2) in support of their Motion to Dismiss ("Mot." or "Motion") Plaintiff's Amended Class Action Complaint ("the AC") (Dkt. No. 59).[2]

## I.   INTRODUCTION

In connection with their Motion to Dismiss, Defendants request judicial notice of nine documents. Other than Exhibit 8—which the Court should exclude—Plaintiff generally does not oppose Defendants' RJN: as long as the Court just takes notice that the referenced documents made the referenced statements on the referenced dates. That said, the Court should not—as even Defendants' authority instructs—"consider these documents for the truth of the matters asserted therein." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (Defendants' RJN at 2). Yet Defendants use Exhibit 8 to do exactly that in their Motion. As such, Plaintiff does oppose Defendants' RJN as to Exhibit 8 for the reasons discussed below.

Moreover, Defendants do at times rely on their exhibits for the truth of the matter asserted, which is improper at the pleading stage. *See e.g.*, Mot. at 15 (citing earnings call to make an unpleaded factual assertion about why Fisker's 10-Q was delayed); *id.* at 17 (citing extraneous document mentioned nowhere in the AC to make an unsupported inference about why Fisker's First Day Declaration was amended).

Citing unpleaded materials to create factual disputes at the pleading stage reflects the "concerning pattern in securities cases" recognized by the Ninth Circuit where defendants exploit incorporation-by-reference and judicial notice "procedures improperly to [try to] defeat what would otherwise constitute adequately stated claims

---

[1] "Defendants" refers to Henrik Fisker ("H. Fisker") and Geeta Gupta-Fisker ("Gupta-Fisker").

[2] Citations to the AC are "¶__." Capitalized terms not defined here have the same meanings ascribed to them in the AC. And unless noted, alterations, citations, and quotations are omitted, and emphasis is added.

at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

## II.    ARGUMENT

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. There are two exceptions to this general rule: (1) the doctrine of judicial notice; and (2) the incorporation by reference doctrine. *Id*. at 999. In *Khoja*, the Ninth Circuit took time to "clarify when it is proper to take judicial notice of facts in documents, or to incorporate by reference documents into a complaint, and when it is not." *Id*. The message of *Khoja* was not subtle: the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine [] can lead to unintended and harmful results." *Khoja*, 899 F.3d at 998.

Since the Ninth Circuit's guidance in *Khoja*, courts in the Central District of California have even denied an underlying *motion to dismiss* supported by such requests, if the requested documents are too voluminous or used improperly. *See e.g.*, *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. March 11, 2020) (denying motion to dismiss and instructing defendants to file an answer or subsequent motion to dismiss without incorporating *any* documents by reference or attaching *any* exhibits); *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (same); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (observing the specific concern raised by *Khoja* and denying defendants' request for judicial notice and entire motion to dismiss, and directing the defendants to answer or refile a motion without incorporating any documents by reference or attaching any exhibits); *Wks. v. Home Depot U.S.A., Inc.*, 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020) (denying motion to dismiss and directing defendants to refile with no attached exhibits); *Fabbri v. Wilkinson*, 2019 WL 5781914, at *2 (C.D. Cal. Nov. 5, 2019) (denying request for judicial notice and motion to dismiss).

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

**A.    Defendants Improperly Use Exhibit 8 to Assert Disputed Facts And Manufacture an Unsupported Inference**

**The Original First Day Declaration**. In the AC, Plaintiff cites a June 21, 2024 Declaration of John Didonato, Fisker's Chief Restructuring Officer, made in the Fisker Bankruptcy Proceedings ("the Original First Day Declaration"), to, among other things, allege that Fisker knew of potential financial distress by August 2023—because that is what the Original First Day Declaration said. *E.g.*, ¶¶52, 81, 97, 119.

**The Amended First Day Declaration**. By contrast, in Defendants' Motion and RJN, Defendants cite Exhibit 8—a *different* extraneous document—to attempt to rebut allegations in the AC. Exhibit 8 is an *Amended* Declaration of John Didonato, filed on July 25, 2024 in the same Fisker Bankruptcy proceedings. *See* Dkt. 64-10. Defendants cite Exhibit 8 to argue that "Plaintiff misleadingly omits the fact that the declaration was amended ***to correct inaccuracies,*** including by removing the reference upon which Plaintiff purports to rely." Mot. at 17, n.7. As shown below, Defendants' inference is wholly unsupported because, *inter, alia*, the Amended First Day Declaration states:

> I have reviewed each of the First Day Pleadings and am familiar with the content and substance contained therein. ***The facts set forth in each First Day Pleading are true and correc***t to the best of my knowledge and belief with appropriate reliance on other officers and advisors and I can attest to such facts.

Dkt. 64-10 (Defs.' Ex. 8) ¶55.

> For a more detailed description of the First Day Pleadings than set forth below, I respectfully refer the Court to the respective First Day Pleadings. The facts set forth in each of the First Day Pleadings are incorporated herein in their entirety. To the extent that this Declaration and the provisions of any of the First Day Pleadings are inconsistent, ***the terms of the First Day Pleadings shall control***.

Dkt. 64-10 (Defs.' Ex. 8) ¶56.

In other words, nowhere in Defendants' Exhibit 8 does it say or suggest that the Amended First Day Declaration was filed *to correct errors or inaccuracies* in the

3

Original First Day Declaration. *Contra* Mot. at 17, n.7. In fact, as shown above, Exhibit 8 actually suggests *the opposite*, saying if there are differences: "the First Day Pleadings shall control." Dkt. 64-10 (Defs.' Ex. 8) ¶56. In any event, even if Exhibit 8 was filed to correct inaccuracies in the Original First Day Declaration (which again is entirely speculative and unsupported by the record), it still would not matter at the pleading stage because Exhibit 8 was not incorporated by reference into the AC and the Court should not credit opposing inferences *in Defendants' favor* at the pleading stage. *See Riley*, 2020 WL 5217154, at *2 ("Given defendants' use of Exhibit 3 to rebut one of plaintiffs' arguments, the court concludes that incorporation by reference of Exhibit 3 is inappropriate.").

### 1.    Exhibit 8 is not incorporated by reference

Plaintiff *never* cited the Amended First Day Declaration, nor mentioned it in the AC. So the Amended First Day Declaration is most certainly ***not*** incorporated by reference into the AC. *See Riley*, 2020 WL 5217154, at *2 (declining to incorporate documents cited just once or twice); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (declining to find document incorporated by reference where only mentioned "a handful of times."). Accordingly, the Court should not consider the Amended First Day Declaration incorporated by reference.

### 2.    At the pleading stage, the Court must credit inferences in *Plaintiff's* favor and cannot grant judicial notice of extraneous documents to contravene well-pleaded allegations

As noted above, nothing in Exhibit 8 supports Defendants' unsupported inference that the Amended First Day Declaration somehow discredits or corrects errors in the Original First Day Declaration. Yet even if the Amended First Day Declaration did somehow question the accuracy of the Original First Day Declaration, the Court should not grant judicial notice to credit that inference from Exhibit 8. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006) ("finding error where the court relied on documents the complaint did not mention to resolve an issue in defendant's favor, even though the complaint had not raised the issue") (as quoted approvingly by *Khoja* at 899 F.3d at 1003-04).

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

It "is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. And here, it is not even *an assertion* made in Exhibit 8 that Defendants rely on (see Mot. at 17, n.7), but an entirely absent and unsupported *inference* as to why Exhibit 8 was filed in the Fisker Bankruptcy proceedings. The Ninth Circuit cautions that "what inferences a court may draw from an incorporated document should also be approached **with caution**." *Khoja*, 899 F.3d at 1003. Defendants cannot use judicial notice procedures to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 998-99; *Nordell Int'l Res., Inc. v. Triton Indonesia, Inc.*, 139 F.3d 906 (9th Cir. 1998) ("Nordell requests that this court take judicial notice of the truth of the facts asserted in the documents it offers here. We deny Nordell's request."). Accordingly, because Plaintiff disputes that the Amended First Day Declaration somehow corrects the Original First Day Declaration, the Court should consider the allegation as pleaded: that Defendants learned of Fisker's potential "financial distress" by August 2023. ¶¶77, 150.

## III.    CONCLUSION

The Court should not grant juridical notice of Exhibit 8, nor find that it was incorporated by reference. Rather, the Court should exclude Exhibit 8 entirely. Moreover, as to any document to which the Court does grant judicial notice, it should not consider any such document for the truth of the matter asserted therein.

5

DATED:  January 21, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:   *Leanne H. Solish*

Robert V. Prongay
Leanne H. Solish
Raymond D. Sulentic
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN
  & DOWD LLP**
Jennifer N. Caringal
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
Facsimile: (619) 231-7423

*Additional Counsel for the Class*

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 1,614 words, which complies with the word limit set by Local Rule 11-6.1.

*s/ Leanne H. Solish*
Leanne H. Solish

**PROOF OF SERVICE**

I hereby certify that on this 21st day of January, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Leanne H. Solish*
Leanne H. Solish