JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

KEVIN M. ASKEW (SBN 238866)
kaskew@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone:  (213) 629-2020
Facsimile:   (213) 612-2499

WILLIAM J. FOLEY (*Admitted Pro Hac Vice*)
wfoley@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street,
New York, New York 10019
Telephone:  (212) 506-5000
Facsimile:   (212) 506-5151

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JOHN A. DOUGLAS, Individually, as Trustee of the Lauren L. Douglas Trust, and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>HENRIK FISKER, et al.,<br><br>        Defendants. | Case No. 2:23-cv-09976-FLA (KSx)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Date:  March 14, 2025<br>Time:  1:30 p.m.<br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Ctrm:  6B<br><br>Date Action Filed:  November 27, 2023 |

Defendants Henrik Fisker and Geeta Gupta-Fisker respectfully submit this reply in support of their request for judicial notice of certain documents (ECF 64-2, the "RJN") attached to Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "AC").

## DISCUSSION

In his opposition to the RJN (ECF 67-2, the "RJN Opp."), Plaintiff concedes that he "generally does not oppose Defendants' RJN" for eight of nine exhibits. RJN Opp. at 1. Plaintiff's objection concerns Exhibit 8—the Amended Declaration of John DiDonato, Fisker's Chief Restructuring Officer, which was filed on July 25, 2024 in the Fisker bankruptcy proceeding. ECF 64-10.

In the AC, Plaintiff repeatedly cited an earlier version of Mr. DiDonato's declaration (dated June 21, 2024) in an effort to allege that Fisker and Defendants knew by August 2023 that the Company "was facing potential financial distress." *See, e.g.*, AC ¶¶ 97, 119, 150. In their Motion to Dismiss, Defendants referenced Exhibit 8 to show that the language quoted by Plaintiff from the original declaration was removed in the amended declaration. *See* ECF 64-1, Mot. at 17, n.7.

Defendants' request for judicial notice of Exhibit 8, a bankruptcy court filing, is entirely appropriate. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."). Contrary to Plaintiff's suggestion, *see* RJN Opp. at 5, Exhibit 8 has not been offered for "the truth" of any matter asserted in it. Rather, it was simply provided to give the Court proper context about how the document changed after its initial filing.

Bizarrely, Plaintiff suggests that the Court should credit the original declaration over the amended version because Exhibit 8 says that "[t]o the extent that this Declaration and the provisions of any of the First Day Pleadings are inconsistent, ***the terms of the First Day Pleadings shall control***." RJN Opp. at 3 (emphasis in original) (quoting ¶¶ 55 and 56 of Exhibit 8). In other words, Plaintiff is asking the

- 1 -

Court to assume that the *original* text of a document should "control" over the *amended* version of the same document. This makes no sense. What would be the point of amending the DiDonato declaration if all of the amendments were superseded by the original text? Unsurprisingly, Plaintiff's argument hangs on a mischaracterization of Exhibit 8. The use of "First Day Pleadings" in paragraphs 55 and 56 refers, not to the original DiDonato declaration, but to a series of motions and applications listed under paragraph 57. Accordingly, paragraph 56 of Exhibit 8 is merely observing that the actual text of those motions and applications should "control" over Exhibit 8's summary of those documents. *See* Ex. 8 at ¶¶ 54-58. Neither paragraph 55 nor paragraph 56 say anything at all about the original DiDonato declaration, which plainly has been superseded by the amended version.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibit 8 in connection with Defendants' Motion to Dismiss.


Dated: February 20, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                            */s/ Kevin M. Askew*
                                            KEVIN M. ASKEW
                                            Attorneys for Defendants

- 2 -

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE