UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MOHAMED A. ZAHABI,

Plaintiff,

v.

FISKER INC., *et al.*,

Defendants.

Case No. 2:23-cv-09976-FLA (KSx)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. 64]**

**RULING**

Before the court is Defendants Henrik Fisker, Geeta Gupta-Fisker, and John Finnucan's (collectively, "Defendants") Motion to Dismiss the First Amended Complaint (the "Motion"). Dkt. 64; Dkt. 64-1. Lead Plaintiff John Douglas ("Plaintiff")[1] opposes the Motion. Dkt. 67 ("Opp'n"). On March 13, 2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for March 14, 2025. Dkt. 69; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

Having reviewed and considered Plaintiff's allegations of the First Amended Complaint (Dkt. 59), the parties' briefs, and all relevant documents, the court finds Plaintiff pleads sufficient facts to state the first and second causes of action for violation of Section 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a). Plaintiff's allegations regarding Defendants' positions with and control over the voting power of the company, high-degree of sophistication, and in-depth knowledge of the company's operations and industry, Dkt. 59 ¶¶ 94–110, 129–44, Defendants' repeated representations regarding their annual growth margin forecasts and omission of details regarding excess costs and miscategorization of expenses, *id.* ¶¶ 111–27, are sufficient to support claims based on material omissions, satisfy the requirements of the Private Securities Litigation Reform Act, plead loss causation and scienter.[2] *See Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006

---

[1] On July 16, 2024, after considering the various Motions for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, the court appointed Plaintiff John Douglas as Lead Plaintiff and Glancy Prongay & Murray LLP as Lead Counsel. Dkt. 56.

[2] Defendants contend half of the challenged statements were made after Plaintiff last purchased Fisker stock and are inactionable as a matter of law. Dkt. 64-1 at 15. As the latter statements were similar to statements Defendants made prior to Plaintiff's last purchase of Fisker stock, the court will not exclude the latter statements from Plaintiff's putative class claims at this stage of the proceedings. *See Melendres v. Arpaio*, 784 F.3d 1254, 1263 (9th Cir. 2015) (recognizing a named plaintiff has

(9th Cir. 2002) (an omission is actionable under the securities laws if it "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists.").

The court, therefore, DENIES the Motion in its entirety. Defendant's Request for Judicial Notice, Dkt. 64-2, is GRANTED, and the court takes judicial notice of the existence and legal effect of the documents identified, but not the truth of disputed facts stated therein. *See* Fed. R. Evid. 801(c); *Troy Grp. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) ("SEC filings should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.") (quotation marks and citation omitted).

IT IS SO ORDERED.

Dated: February 2, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

standing to serve as an adequate representative if his claims "do not implicate a significantly different set of concerns than the unnamed plaintiffs' claims.") (quotation marks and citation omitted). Defendants' argument that all but one statement are nonactionable opinions or puffery fails because Plaintiff alleges sufficient facts to plead Defendants made determinate, verifiable statements of fact while intentionally omitting material information including that the annual gross margin forecasted was not accurate due to the company's miscategorization of expenses and unreported excess costs. *See In re Quality Sys.*, 865 F.3d 1130, 1143 (9th Cir. 2017) ("Professional investors, and most amateur investors as well, know how to devalue the optimism of corporate executives. … But even general statements of optimism, when taken in context, may form a basis for a securities fraud claim when those statements address specific aspects of a company's operation that the speaker knows to be performing poorly.") (cleaned up).