JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

KEVIN M. ASKEW (SBN 238866)
kaskew@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499

WILLIAM J. FOLEY (*Admitted Pro Hac Vice*)
wfoley@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, New York 10019
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN A. DOUGLAS, Individually, as Trustee of the Lauren L. Douglas Trust, and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>HENRIK FISKER, et al.<br><br>          Defendants. | Case No. 2:23-cv-09976-FLA (KSx)<br><br>**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha |

Defendants Henrik Fisker and Geeta Gupta-Fisker (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Amended Class Action Complaint (ECF No. 59, the "Complaint") filed in the above-captioned matter by Lead Plaintiff John Douglas ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

The following statements are incorporated by reference into Defendants' responses to each Paragraph of the Complaint.

Defendants generally deny any allegations in the Complaint that assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading. Except to the extent expressly admitted herein, Defendants deny each and every allegation of the Complaint, including without limitation any allegations contained in the Table of Contents, preamble, numbered Paragraphs, headings, subheadings, and footnotes within the Complaint. Plaintiff's Complaint contains 26 footnotes—any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that all allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see, e.g.*, *Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 2020 WL 7122512, at *3 (N.D. Cal. Dec. 4, 2020) ("Rule 10(b) of the Federal Rules directs that '[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances,' and [Plaintiff]'s extensive use of footnotes does not comport with that requirement . . . Accordingly, the Court will dismiss with leave to amend for [Plaintiff] to remove the footnotes from the Complaint.") (emphasis in original); *Bernath v. YouTube LLC*, 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017) ("Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b)."). No response is therefore required

to the Complaint's footnotes. In any event, except as expressly admitted, Defendants deny any and all allegations contained in footnotes 1 through 26.

The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Defendants respectfully refer the Court to the respective materials for their accurate and complete contents.

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.

### **RESPONSES TO INDIVIDUAL PARAGRAPHS**

1. Defendants admit that Plaintiff purports to assert claims in the Complaint pursuant to the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against Henrik Fisker ("Mr. Fisker") and Dr. Geeta Gupta-Fisker ("Dr. Gupta-Fisker") (collectively, "Defendants"). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit that Fisker executives referred to Fisker's business model as "asset-light" on occasion. Defendants further admit that the second sentence of Paragraph 3 purports to selectively paraphrase a press release issued by Fisker on October 15, 2020, which speaks for itself, but deny that Fisker described Magna as serving as a "one-stop shop" for all of Fisker's manufacturing needs. Defendants further admit that Fisker chose to partner with Magna International Inc. for manufacturing purposes, and that the company described this partnership as enabling it to "accelerate our time to market, reduce vehicle development costs, and gain access to an established global supply chain" in its 2021 Form 10-K, filed with the SEC on February 28, 2022. Defendants further admit that the fourth sentence of Paragraph 3 purports to selectively paraphrase and quote from the transcript of the

- 2 -

Fisker Q1 2023 Earnings Conference Call that occurred on May 9, 2023, which speaks for itself.  Defendants further admit that the fifth sentence of Paragraph 3 purports to selectively paraphrase and quote from the transcript of the Fisker Q4 2022 Earnings Conference Call that occurred on February 27, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 3.

4.      Defendants lack sufficient knowledge or information to form a belief as to analysts and investors' reactions to Fisker's announcement of its partnership with Magna and, on that basis, deny the allegations in the first sentence of Paragraph 4.  Defendants admit that Paragraph 4 purports to selectively paraphrase and quote from analyst reports published by Evercore ISI and Morgan Stanley, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants admit that Paragraph 6 purports to selectively paraphrase a press release published by Fisker on November 8, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that Fisker's share price fell $0.38 to close at $3.99 per share on November 8, 2023.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that Paragraph 8 purports to selectively paraphrase and quote from the Fisker Q3 2023 earnings press release published on November 13, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that the first two sentences and last two sentences of Paragraph 9 purport to selectively paraphrase and quote from the Fisker Q3 2023 earnings press release published on November 13, 2023, which speaks for itself.

- 3 -

To the extent the allegations in the third sentence of Paragraph 9 purport to characterize accounting principles, those principles speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 9.

10. Defendants admit that the first sentence of Paragraph 10 purports to selectively paraphrase and quote from the transcript of the Fisker Q3 2023 Earnings Conference Call that occurred on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 10.

11. Defendants admit that Paragraph 11 purports to selectively paraphrase the Form 12b-25 Fisker filed with the SEC on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 11.

12. Defendants admit that Fisker's share price fell $0.77 to close at $3.34 per share on November 14, 2023. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 12.

13. Defendants lack sufficient knowledge or information to form a belief as to the reactions of "[a]nalysts and the media" to Fisker's Q3 2023 earnings announcements and, on that basis, deny the allegations in the first sentence of Paragraph 13. Defendants admit that Paragraph 13 purports to selectively paraphrase and quote from reports published by CNBC, BNP Paribas, Wolfe Research, and CSRA, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 13.

14. Defendants admit that Paragraph 14 purports to selectively paraphrase a Form 8-K that Fisker filed with the SEC on November 20, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 14.

15. Defendants admit that Fisker's share price fell $0.35 to close at $2.00 per share on November 21, 2023. Except to the extent expressly admitted,

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendants deny the allegations in Paragraph 15.

16. Defendants admit that Paragraph 16 purports to selectively paraphrase and quote from a report published by Evercore ISI on November 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in the first sentence of Paragraph 17. Defendants admit that the remainder of Paragraph 17 purports to selectively paraphrase and quote from the Fisker Q3 2023 Form 10-Q, filed with the SEC on November 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 17.

18. Defendants admit that Paragraph 18 purports to selectively paraphrase the Fisker Q3 2023 Form 10-Q, filed with the SEC on November 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in the first sentence of Paragraph 19. Defendants admit that the remainder of Paragraph 19 purports to selectively paraphrase Fisker's 2023 Form 10-K and associated earnings press release published on February 29, 2024, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 19.

20. Defendants deny Plaintiff's characterization of "widespread material accounting discrepancies" in the first sentence of Paragraph 20 and, on that basis, deny that allegation. Defendants admit that the remainder of Paragraph 20 purports to selectively paraphrase and quote from an "Interim Arbitration Award" dated July 7, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 20.

21. Defendants admit that Fisker filed for bankruptcy protections under Chapter 11 of the United States Bankruptcy Code. Defendants lack sufficient knowledge or information to form a belief as to the allegations in the second

sentence, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. The allegations in Paragraph 23 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiff purports to plead claims arising under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiff purports to plead jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Plaintiff purports to plead venue in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 26.

27. To the extent the allegations in Paragraph 27 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff purchased Fisker Class A common stock during the Class Period

- 6 -

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

and, on that basis, deny the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28, except deny the characterization of the circumstances surrounding Mr. Fisker's resignation as chairman of Fisker Automotive.

29. Defendants admit that Mr. Fisker spoke to investors and analysts during the Class Period. Defendants admit the allegations in the second sentence of Paragraph 29.

30. Defendants admit that Dr. Gupta-Fisker was Fisker's co-founder and served as the Company's Chief Financial Officer ("CFO") and as a member of the board of directors from Fisker's inception until the confirmation of its Chapter 11 plan. Defendants further admit the allegations in the second and third sentences of Paragraph 30. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 30.

31. Defendants admit that Dr. Gupta-Fisker spoke to investors and analysts during the Class Period. Defendants further admit the allegations in the second sentence of Paragraph 31. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 31.

32. Defendants admit that, from time to time, they reviewed the Company's reports and press releases prior to or shortly after their issuance. The remaining allegations in Paragraph 32 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the remaining allegations in Paragraph 32.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit the allegations in the first two sentences of Paragraph 34. Defendants further admit that the third and fourth sentences of Paragraph 34 purport to selectively paraphrase and quote from Fisker's 2021 Form 10-K, filed with the SEC on February 28, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 34.

- 7 -

35. Defendants admit that Paragraph 35 purports to selectively paraphrase and quote from Fisker press releases issued on October 29, 2020, and December 17, 2020, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 35.

36. Defendants admit that, at its Product Vision Day event on August 3, 2023, Fisker revealed plans to launch four vehicle models (the Ocean, PEAR, Alaska, and Ronin) by the end of 2025. Defendants further admit the allegations in the second sentence of Paragraph 36. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 36.

37. Defendants admit that Fisker, as a for-profit business enterprise, sought to generate revenue and positive gross margins. Defendants lack sufficient knowledge or information to form a belief as to the "focus[]" of "the market" and, on that basis, deny the allegations pertaining to the market's focus in Paragraph 37. Defendants admit that Paragraph 37 purports to selectively paraphrase and quote from a Fisker earnings press release issued on November 17, 2022, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 37.

38. Defendants admit that Paragraph 38 purports to selectively paraphrase and quote from the Fisker Q4 2022 Form 10-Q and associated earnings release filed on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 38.

39. Defendants admit that Paragraph 39 purports to selectively paraphrase and quote from the transcript of the Fisker Q4 2022 Earnings Conference Call that occurred on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Paragraph 40 purports to selectively paraphrase and quote from the transcript of the Fisker Q4 2022 Earnings Conference Call that occurred on February 27, 2023, which speaks for itself. Except to the extent

- 8 -

expressly admitted, Defendants deny the allegations in Paragraph 40.

41. Defendants admit that Paragraph 41 purports to selectively paraphrase and quote from the transcript of the Fisker Q4 2022 Earnings Conference Call that occurred on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 41.

42. Defendants admit that Paragraph 42 purports to selectively quote from the transcript of an interview of Mr. Fisker that aired on CNBC on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 42.

43. Defendants admit that Paragraph 43 purports to selectively paraphrase and quote from analyst reports published by Evercore ISI and Morgan Stanley, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 43.

44. Defendants admit that Paragraph 44 purports to selectively paraphrase and quote from an analyst report published by Barclays on February 28, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 44.

45. Defendants admit that Paragraph 45 purports to selectively paraphrase and quote from analyst reports published by Wolfe Research and TD Cowen, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 45.

46. Defendants admit the allegations in the first sentence of Paragraph 46. Defendants further admit that the second sentence of Paragraph 46 purports to selectively paraphrase an article published by Bloomberg on May 8, 2023, which speaks for itself. Defendants further admit that the third sentence of Paragraph 46 purports to selectively paraphrase the transcript of the Fisker Q1 2023 Earnings Conference Call, conducted on May 9, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 46.

- 9 -

47.     Defendants admit that Paragraph 47 purports to selectively paraphrase and quote from the Fisker Q1 2023 earnings press release issued on May 9, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 47.

48.     Defendants admit that Paragraph 48 purports to selectively paraphrase and quote from the transcript of the Fisker Q1 2023 Earnings Conference Call, conducted on May 9, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 48.

49.     Defendants admit that Paragraph 49 purports to selectively paraphrase and quote from the transcript of the Fisker Q1 2023 Earnings Conference Call, conducted on May 9, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 49.

50.     Defendants admit that Paragraph 50 purports to selectively paraphrase and quote from analyst reports published by Raymond James and Barclays, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 50.

51.     Defendants admit that Paragraph 51 purports to selectively paraphrase and quote from Fisker press releases issued on July 7, 2023 and August 4, 2023, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 51.

52.     Defendants admit that the first sentence of Paragraph 52 purports to selectively paraphrase an article published on "Tech Crunch" on February 8, 2024, which speaks for itself.  Defendants further admit that the second sentence of Paragraph 52 purports to selectively paraphrase a document filed in the Bankruptcy Action (D.E. 37, the "First Day Declaration," later superseded by D.E. 289, the "Amended First Day Declaration"), which speaks for itself.  Defendants further admit that, following Fisker's Product Vision Day in summer 2023, the Company began negotiations with several large original equipment manufacturers, including

- 10 -

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Nissan, to invest in and partner with Fisker. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in the first sentence of Paragraph 53. Defendants admit that the remainder of Paragraph 53 purports to selectively paraphrase and quote from Fisker's Q2 2023 earnings press release and the transcript of Fisker's Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 53.

54. Defendants admit that Paragraph 54 purports to selectively paraphrase and quote from an analyst report published by Barclays on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 54.

55. Defendants admit that Paragraph 55 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 55.

56. Defendants admit that Paragraph 56 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 56.

57. Defendants admit that Paragraph 57 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 57.

58. Defendants admit that Paragraph 58 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 58.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

59. Defendants admit that Paragraph 59 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 59.

60. Defendants admit that Paragraph 60 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 60.

61. Defendants lack sufficient knowledge or information to form a belief as to the subjective opinions of "the market" and, on that basis, deny the allegations in the first sentence of Paragraph 61. Defendants admit that the remainder of Paragraph 61 purports to selectively paraphrase and quote from analyst reports published by TD Cowen and Evercore ISI, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 61.

62. Defendants admit that Paragraph 62 purports to selectively paraphrase and quote from an analyst report published by Barclays on August 8, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 62.

63. Defendants admit that Paragraph 63 purports to selectively paraphrase and quote from a Fisker press release issued on November 8, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 63.

64. Defendants admit that Paragraph 64 purports to selectively paraphrase and quote from a Form 8-K that Fisker filed with the SEC on September 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 64.

65. Defendants admit that Fisker's share price fell $0.38 to close at $3.99 per share on November 8, 2023. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 65.

66. Defendants admit that Paragraph 66 purports to selectively paraphrase and quote from the Fisker Q3 2023 earnings press release published on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 66.

67. Defendants admit that Paragraph 67 purports to selectively paraphrase the Form 12b-25 Fisker filed with the SEC on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 67.

68. Defendants admit that Paragraph 68 purports to selectively paraphrase and quote from the transcript of the Fisker Q3 2023 Earnings Conference Call, conducted on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 68.

69. Defendants admit that Paragraph 69 purports to selectively paraphrase and quote from the transcript of the Fisker Q3 2023 Earnings Conference Call, conducted on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 69.

70. Defendants admit that Fisker's share price fell $0.77 to close at $3.34 per share on November 14, 2023. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 70.

71. Defendants admit that Paragraph 71 purports to selectively quote from an article published by CNBC on November 14, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 71.

72. Defendants admit that Paragraph 72 purports to selectively paraphrase and quote from an analyst report published by BNP Paribas on November 14, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 72.

73. Defendants admit that Paragraph 73 purports to selectively paraphrase and quote from an analyst report published by Barclays on November 14, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 73.

74. Defendants admit that Paragraph 74 purports to selectively paraphrase and quote from an analyst report published by Barclays on November 14, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 74.

75. Defendants admit that Paragraph 75 purports to selectively paraphrase and quote from an analyst report published by Bank of America Securities on November 14, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 75.

76. Defendants admit that Paragraph 76 purports to selectively paraphrase and quote from analyst reports published by Wolfe Research and CFRA, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 76.

77. Defendants admit that the first sentence of Paragraph 77 purports to selectively paraphrase a Form 8-K that Fisker filed with the SEC on November 20, 2023, which speaks for itself. Defendants further admit that Fisker's share price fell $0.35 to close at $2.00 per share on November 21, 2023. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 77.

78. Defendants lack sufficient knowledge or information to form a belief as to the subjective opinions of unspecified "analysts" and, on that basis, deny the allegations in the first sentence of Paragraph 78. Defendants admit that the second and third sentences of Paragraph 78 purport to selectively paraphrase and quote from analyst reports published by Bank of America Securities and Evercore ISI, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78.

- 14 -

79. Defendants admit that Paragraph 79 purports to selectively paraphrase from the Q3 2023 Form 10-Q Fisker filed with the SEC on November 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 79.

80. Defendants admit that Paragraph 80 purports to selectively paraphrase from the Q3 2023 Form 10-Q Fisker filed with the SEC on November 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 80.

81. Defendants admit that Paragraph 81 purports to selectively paraphrase and quote from a document filed in the Bankruptcy Action (D.E. 37, the "First Day Declaration," later superseded by D.E. 289, the "Amended First Day Declaration"), which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 81.

82. Defendants admit that Paragraph 82 purports to selectively paraphrase and quote from a Fisker press release published on January 8, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 82.

83. Defendants admit that Paragraph 83 purports to selectively paraphrase and quote from an article published on "Tech Crunch" on February 8, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 83.

84. Defendants admit that Paragraph 84 purports to selectively paraphrase and quote from the Fisker Q4 2023 earnings press release published on February 29, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 84.

85. Defendants admit that Paragraph 85 purports to selectively paraphrase and quote from the Fisker Q4 2023 earnings press release published on February 29, 2024, which speaks for itself. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 85.

86. Defendants admit that Paragraph 86 purports to selectively paraphrase and quote from the transcript of the Fisker Q4 2023 Earnings Conference Call, conducted on February 29, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 86.

87. Defendants admit that Paragraph 87 purports to selectively paraphrase the Form 12b-25 Fisker filed with the SEC on March 1, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 87.

88. Defendants admit the allegations in the first sentence of Paragraph 88. Defendants lack sufficient knowledge or information to form a belief as to allegations in the second sentence of Paragraph 88 and, on that basis, deny those allegations.

89. Defendants admit that Paragraph 89 purports to selectively paraphrase and quote from an article published on "Tech Crunch" on March 27, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 89.

90. Defendants admit that Paragraph 90 purports to selectively paraphrase and quote from the 2023 Form 10-K Fisker filed with the SEC on April 23, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 90.

91. Defendants admit that Paragraph 91 purports to selectively paraphrase and quote from two Form 8-Ks that Fisker filed with the SEC on May 7, 2024, and May 13, 2024, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 91.

92. Defendants admit the allegations in Paragraph 92.

93. Defendants admit that Paragraph 93 purports to selectively paraphrase the Statement of Financial Affairs filed in the Bankruptcy Action (ECF No. 431),

- 16 -

which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in the first sentence of Paragraph 94. Defendants admit that the remainder of Paragraph 94 purports to selectively paraphrase and quote from the Fisker Q4 2022 Earnings Conference Call, conducted on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 94.

95. Defendants admit that Paragraph 95 purports to selectively paraphrase and quote from the Fisker Q4 2022 Earnings Conference Call, conducted on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 95.

96. Defendants admit that Paragraph 96 purports to selectively paraphrase and quote from the Fisker Q1 2023 Earnings Conference Call, conducted on May 9, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 96.

97. Defendants admit that Paragraph 97 purports to selectively paraphrase and quote from the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 97.

98. Defendants admit that Paragraph 98 purports to selectively paraphrase and quote from the Fisker Q4 2022 Earnings Conference Call, conducted on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 98.

99. Defendants admit that Paragraph 99 purports to selectively paraphrase and quote from the Fisker Q4 2022 Earnings Conference Call, conducted on February 27, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 99.

100. Defendants admit that Paragraph 100 purports to selectively paraphrase and quote from the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in the first two sentences of Paragraph 101. Defendants admit that the third and fourth sentences of Paragraph 101 purport to selectively paraphrase from the Q2 2023 Form 10-Q Fisker filed with the SEC on August 9, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 101.

102. The allegations in Paragraph 102 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 102.

103. Defendants admit that Paragraph 103 purports to selectively paraphrase and quote from Accounting Standards Codification Topic 330 ("ASC 330"), which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 103.

104. Defendants admit that Paragraph 104 purports to selectively paraphrase and quote from ASC 330, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in the first three sentences of Paragraph 105. Defendants admit that the fourth and fifth sentences of Paragraph 105 purport to selectively paraphrase and quote from Fisker's Q3 2023 earnings press release published on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in the first sentence of Paragraph 107. Defendants admit that the second, third, and fourth sentences of Paragraph 107 purport to selectively paraphrase and quote from the Q3 2023 Form 10-Q Fisker

- 18 -

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

filed with the SEC on November 22, 2023, which speaks for itself. Defendants deny the allegations in the fifth sentence of Paragraph 107. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 107.

108. Defendants admit that Paragraph 108 purports to selectively paraphrase and/or quote from the Q3 2023 earnings press release Fisker published on November 13, 2023, the transcript of the Fisker Q3 2023 Earnings Conference Call conducted on November 13, 2023, and the Q3 2023 Form 10-Q Fisker filed with the SEC on November 22, 2023, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 108.

109. Defendants admit that Paragraph 109 purports to selectively paraphrase the Q3 2023 earnings press release Fisker published on November 13, 2023, and the Q3 2023 Form 10-Q Fisker filed with the SEC on November 22, 2023, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 109.

110. Defendants admit that Paragraph 110 purports to selectively paraphrase and reproduce in chart format certain information contained in the Q3 2023 earnings press release Fisker published on November 13, 2023, and the Q3 2023 Form 10-Q Fisker filed with the SEC on November 22, 2023, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 110.

111. Defendants admit that Paragraph 111 purports to selectively paraphrase and quote from Fisker's Q2 2023 earnings press release published on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 111.

112. Defendants admit that Paragraph 112 purports to selectively quote Fisker's Q2 2023 earnings press release published on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 112.

113. Defendants admit that Paragraph 113 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 113.

114. Defendants admit that Paragraph 114 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants admit that Paragraph 116 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants admit that Paragraph 118 purports to selectively paraphrase and quote from the transcript of the Fisker Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants admit that Paragraph 120 purports to selectively paraphrase and quote from Fisker's Q3 2023 earnings press release published on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 120.

121. Defendants admit that Paragraph 121 purports to selectively paraphrase and quote from Fisker's Q3 2023 earnings press release published on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 121.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

122. Defendants admit that Paragraph 122 purports to selectively paraphrase and quote from Fisker's Q3 2023 earnings press release published on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 122.

123. Defendants admit that Paragraph 123 purports to selectively paraphrase and quote from Fisker's Q3 2023 earnings press release published on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 123.

124. Defendants admit that Paragraph 124 purports to selectively paraphrase and quote from the transcript of the Fisker Q3 2023 Earnings Conference Call, conducted on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegation that the statements "emphasized in ¶¶120-124" were materially false and/or misleading when made and/or omitted to state material facts necessary to make the statements not misleading. Defendants admit that Paragraph 125 purports to selectively paraphrase and quote from the Fisker Q3 2023 Form 10-Q, filed with the SEC on November 22, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 125.

126. Defendants admit that Paragraph 126 purports to selectively paraphrase and quote from the transcript of the Fisker Q3 2023 Earnings Conference Call, conducted on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants admit the allegations in the first three sentences of Paragraph 129. Defendants further admit that the fourth sentence of Paragraph 129 purports to selectively paraphrase and quote from the 2022 Form 10-K Fisker filed

- 21 -

with the SEC on March 1, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 129.

130. Defendants admit that Paragraph 130 purports to selectively paraphrase and quote from the 2022 Form 10-K Fisker filed with the SEC on March 1, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 130.

131. Defendants admit that Paragraph 131 purports to selectively paraphrase and quote from a July 7, 2022 Interim Arbitration Award, as subsequently cited in the November 16, 2022 Declaration Of Christopher Mader, Esq. In Support of Opposition To Petition To Vacate Arbitration Award in *Dr. Fabio Albano v. Henrik Fisker, et al.*, Case No. 20TRCV00731, Los Angeles Superior Court (the "*Albano* Matter"), which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. The allegations in Paragraph 134 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that Mr. Fisker served as founder, Chairman of the Board, and CEO of Fisker, Dr. Gupta-Fisker served as co-founder and CFO, and that, in those roles, they signed and/or certified the company's quarterly reports and occasionally made public statements on behalf of the company. Defendants further admit the allegations in the third sentence of Paragraph 134. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 134.

135. The allegations in Paragraph 135 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants admit that, from time to time, they participated in the preparation and/or approval of certain of the Company's public statements. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 135.

- 22 -

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

136. The allegations in Paragraph 136 are legal conclusions and characterizations to which no responsive pleading is required.  Insofar as a response is required, Defendants admit that, during their time as executives and directors of Fisker, they had access to confidential information relating to Fisker, including certain internal corporate documents, and could converse with corporate officers and employees.  Defendants further admit that they attended certain management, Board, and/or Board committee meetings, and could review reports and other information provided in connection therewith.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 136.

137. The allegations in the first sentence of Paragraph 137 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 137. Defendants admit that the second sentence of Paragraph 137 purports to selectively paraphrase and quote from Fisker's SOX Certifications, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in the first sentence of Paragraph 138. Defendants admit that the remainder of Paragraph 138 purports to selectively paraphrase and quote from Fisker's April 27, 2023 Proxy Statement, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 138.

139. Defendants admit that Paragraph 139 purports to selectively paraphrase and quote from Fisker's April 27, 2023 Proxy Statement, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in the first sentence of Paragraph 140. Defendants admit that the remainder of Paragraph 140 purports to selectively paraphrase and quote from Fisker's Q1 2023 Earnings Conference Call, conducted

- 23 -

on May 9, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 140.

141. Defendants admit that Paragraph 141 purports to selectively paraphrase and quote from the transcript of Fisker's June 6, 2023 annual shareholder meeting, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 141.

142. Defendants admit that the remainder of Paragraph 142 purports to selectively paraphrase and quote from Fisker's Q2 2023 Earnings Conference Call, conducted on August 4, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 142.

143. Defendants admit that the remainder of Paragraph 143 purports to selectively paraphrase and quote from Fisker's Q3 2023 Earnings Conference Call, conducted on November 13, 2023, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in the first two sentences of Paragraph 145. Defendants admit that the remainder of Paragraph 145 purports to selectively paraphrase and quote from the July 7, 2022 Interim Arbitration Award, as cited in the *Albano* Matter, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 145.

146. Defendants admit that Paragraph 146 purports to selectively paraphrase, quote, and reproduce portions of the July 7, 2022 Interim Arbitration Award, as cited in the *Albano* Matter, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 146.

147. Defendants admit that Paragraph 147 purports to selectively paraphrase and quote from an article published by "Car Buzz" on June 9, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 147.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

148. Defendants admit that Paragraph 148 purports to selectively paraphrase and quote from an article published by "Car Buzz" on June 9, 2024, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 148.

149. The allegations in Paragraph 149 are legal conclusions and characterizations to which no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 149.

150. Defendants admit that Fisker raised a combined $445.1 million from the issuance of senior convertible notes on July 11, 2023 and September 29, 2023. Defendants further admit that the second sentence of Paragraph 150 purports to selectively paraphrase and quote from a document filed in the Bankruptcy Action (D.E. 37, the "First Day Declaration," later superseded by D.E. 289, the "Amended First Day Declaration"), which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 150.

151. Defendants admit the allegations in Paragraph 151.

152. Defendants admit the allegations in Paragraph 152.

153. Defendants admit the allegations in Paragraph 153.

154. Defendants admit that, at the end of Q1 2023, Fisker publicly reported $29.016 million worth of inventory.  Defendants further admit that, at the end of Q3 2023, Fisker reported $545.653 million worth of inventory.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 154.

155. The allegations in the first four sentences of Paragraph 155 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in the first four sentences of Paragraph 155.  Defendants deny the allegations in the fifth and sixth sentences of Paragraph 155.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 155.

- 25 -

156. Defendants deny the allegations in the first sentence of Paragraph 156. Defendants admit the allegations in the second and third sentences of Paragraph 156. Defendants further admit that Fisker's public SEC disclosures stated that Mr. Finnucan earned a $325,000 base salary in addition to stock awards. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 156.

157. Defendants admit the allegations in the first sentence of Paragraph 157. Defendants further admit that the second and third sentences of Paragraph 157 purport to selectively paraphrase from a press release published by Fisker on November 8, 2023, and a Form 8-K Fisker filed with the SEC on November 14, 2023, which speak for themselves. Defendants further admit that, prior to his resignation, Mr. Beuting's compensation—according to the Company's public SEC disclosures—included an annual salary of $350,000, restricted-stock equity awards, and eligibility for participation in Fisker's bonus and stock-based compensation programs. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 157.

158. Defendants admit that Dr. Huhnke resigned as Fisker's Chief Technology Officer on October 31, 2023. Defendants further admit that, according to the Company's public SEC disclosures, Dr. Huhnke's compensation included a base salary of $442,329 in 2022, with a bonus of $340,000 and $200,000 in stock awards. Defendants admit the allegations in the third sentence of Paragraph 158. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 158.

159. Defendants deny the allegations in the first sentence of Paragraph 159. Defendants deny the allegations in the first sentence of Paragraph 159(x) and the second sentence of Paragraph 159(xi). Paragraph 159(xii) purports to summarize the prior allegations contained in Paragraph 159 and thus no response is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 159(xii). Defendants admit that the remainder of Paragraph 159 purports to

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

selectively paraphrase, quote from, and reproduce portions of Fisker's 2022 Form 10-K, Q1 2023 Form 10-Q, Q2 2023 Form 10-Q, Q3 2023 Form 10-Q, Q4 2023 Form 10-Q, and 2023 Form 10-K, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 159.

160. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 160. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 160.

161. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 161. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 161.

162. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 162. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 162.

163. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 163. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 163.

164. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 164. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 164.

165. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 165. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 165.

166. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 166. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 166.

167. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 167. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 167.

168. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 168. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 168.

169. Defendants lack sufficient knowledge or information to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 169. To the extent that an additional response is required, Defendants deny the allegations in Paragraph 169.

170. Defendants admit that Paragraph 170 purports to selectively paraphrase and quote from two Form 8-Ks that Fisker filed with the SEC on May 7, 2024, and May 13, 2024, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 170.

171. Defendants admit that Paragraph 171 purports to selectively paraphrase and quote from "a June 21, 2024" filing in the Bankruptcy Action, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 171.

172. Defendants admit that Paragraph 172 purports to selectively paraphrase and quote from an article published in the *Los Angeles Times* on August 16, 2024, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 172.

- 28 -

173. Defendants admit that Paragraph 173 purports to selectively paraphrase and quote from the Q2 2023 Form 10-Q Fisker filed with the SEC on August 9, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 173.

174. Defendants admit that Paragraph 174 purports to selectively paraphrase and quote from the Q2 2023 Form 10-Q Fisker filed with the SEC on August 9, 2023, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 174.

175. The allegations in Paragraph 175 are legal conclusions and characterizations to which no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 175.

176. The allegations in the first sentence of Paragraph 176 are legal conclusions and characterizations to which no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in the first sentence of Paragraph 176.  Defendants deny the remaining allegations in Paragraph 176.

177. Defendants deny the allegations in Paragraph 177.

178. Defendants deny the allegations in Paragraph 178.

179. Defendants admit that the first two sentences of Paragraph 179 purport to selectively paraphrase and quote from a Fisker press release issued on November 8, 2023, which speaks for itself.  Defendants further admit that the Company's share price fell $0.38 to close at $3.99 per share on November 8, 2023.  Defendants lack sufficient knowledge or information to form a belief as to apparent decline of the "NASDAQ OMX Global Auto Index" and, on that basis, deny that allegation in the fourth sentence of Paragraph 179.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 179.

180. Defendants admit that the first two sentences of Paragraph 180 purport to selectively paraphrase and quote from the Q3 2023 earnings press release Fisker

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

issued on November 13, 2023, which speaks for itself. Defendants further admit that the Company's share price fell $0.77 to close at $3.34 per share on November 14, 2023. Defendants lack sufficient knowledge or information to form a belief as to apparent decline of the "NASDAQ OMX Global Auto Index" and, on that basis, deny that allegation in the fourth sentence of Paragraph 180. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 180.

181. Defendants admit that the first sentence of Paragraph 181 purports to selectively paraphrase a Form 8-K that Fisker filed with the SEC on November 20, 2023, which speaks for itself. Defendants further admit that the Company's share price fell $0.35 to close at $2.00 per share on November 21, 2023. Defendants lack sufficient knowledge or information to form a belief as to apparent decline of the "NASDAQ OMX Global Auto Index" and, on that basis, deny that allegation in the third sentence of Paragraph 181. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 181.

182. Paragraph 182 contains no substantive allegations and, therefore, no response is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 182.

183. The allegations in the first sentence of Paragraph 183 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in the first sentence of Paragraph 183. Defendants admit the allegations in the second sentence of Paragraph 183. Defendants lack sufficient knowledge or information to form a belief as to "the exact number" of putative "Class members" and, on that basis, deny the allegations in the third sentence of Paragraph 183. Defendants admit the allegations in the fourth and fifth sentences of Paragraph 183. Defendants lack sufficient knowledge or information to form a belief as to Plaintiff's methods for identifying and notifying potential Class members and, on that basis, deny the allegations in the sixth sentence of Paragraph 183. Except to the extent expressly

- 30 -

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

admitted, Defendants deny the allegations in Paragraph 183.

184. The allegations in Paragraph 184 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 184.

185. The allegations in Paragraph 185 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 185.

186. The allegations in Paragraph 186 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 186.

187. The allegations in Paragraph 187 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 187.

188. The allegations in the first sentence of Paragraph 188 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in the first sentence of Paragraph 188. Defendants further deny the allegations in the second sentence of Paragraph 188. Defendants admit the allegations in the third sentence of Paragraph 188. Defendants further deny the allegations in the fourth sentence of Paragraph 188. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. The allegations in Paragraph 190 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 190.

191. The allegations in Paragraph 191 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 191.

192. The allegations in Paragraph 192 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 192.

193. The allegations in Paragraph 193 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 193.

194. The allegations in Paragraph 194 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 194.

195. The allegations in Paragraph 195 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 195.

196. Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Lead Plaintiff's Amended Class Action Complaint, as though fully set forth herein.

197. Defendants deny the allegations in Paragraph 197.

198. Defendants deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants deny the allegations in Paragraph 200.

201. The allegations in Paragraph 201 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 201.

202. Defendants deny the allegations in Paragraph 202.

203. Defendants deny the allegations in Paragraph 203.

204. Defendants deny the allegations in Paragraph 204.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

207. Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Lead Plaintiff's Amended Class Action Complaint, as though fully set forth herein.

208. The allegations in Paragraph 208 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 208.

209. The allegations in Paragraph 209 are legal conclusions and characterizations to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 209.

210. Defendants deny the allegations in Paragraph 210.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

## JURY TRIAL DEMAND

Defendants admit that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

1. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

2. Plaintiff's claims, and the claims of the class that Plaintiff purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by

- 33 -

them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

3.    Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because certain of the statements alleged to be materially false or misleading constitute forward-looking statements within the meaning of Section 21E of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-5, and Rule 175 promulgated under the Securities Act of 1933, 15 U.S.C. § 77z-2, and are protected by the statutory safe harbor for forward-looking statements. Such statements were identified as forward-looking at the time they were made, were accompanied by meaningful cautionary language identifying important factors that could cause actual results to differ materially from those projected, and/or were not made with actual knowledge that they were false or misleading. In addition, to the extent Plaintiff's claims rest on forward-looking statements, those claims are barred by the bespeaks caution doctrine, because the cautionary language accompanying such statements was sufficiently specific to render the alleged misrepresentations or omissions immaterial as a matter of law.

4.    Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants reasonably and in good faith relied upon the professional advice, opinions, work product, and reports of the Company's independent auditors, accountants, and other professional advisors in the preparation, review, and dissemination of the financial statements, public filings, and other disclosures that form the basis of Plaintiff's claims.

5.    Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

6.     Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

7.     Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, would have purchased Fisker shares as they did, even with full knowledge of the facts Plaintiff has now alleged were misrepresented or omitted by Defendants.

8.     Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the damages for which Plaintiff claims Defendants are responsible arise from a decline in share price that was not caused or contributed to by any alleged material misrepresentation or actionable omission by Defendants and were otherwise caused or contributed to by (a) persons or entities for whom Defendants are not responsible and for whom Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.

9.     Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because any injury or damage as alleged in the Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

10.     Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Fisker's share value alleged to form the basis of

- 35 -

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent.

11. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiff purports to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

12. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

13. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, or the class that Plaintiff purports to represent, sold their Fisker shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Fisker shares.

14. Any recovery for damages allegedly incurred by Plaintiff, or the class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the class that Plaintiff purports to represent, in connection with their ownership of Fisker shares.

15. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

16. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff has not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

17. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

18. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, and the class that Plaintiff purports to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

19. Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, has an adequate remedy at law.

20. Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

21. Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

22. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

23. Plaintiff, and the class that Plaintiff purports to represent, is precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

24. Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

25. Any recovery by Plaintiff in this action is barred in whole or in part to the extent that they recover damages from any other Defendant or party, or recovery is had in any other lawsuit, action, proceeding, or otherwise.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. For judgment in their favor;

2. That Plaintiff takes nothing by the Complaint;

3. That Defendants be awarded costs to the maximum extent allowable by law; and

4. For such other and further legal and equitable relief as the Court deems just and proper.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Dated:  March 2, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                         */s/ Kevin M. Askew*
                                         KEVIN M. ASKEW
                                         Counsel for Defendants

- 39 -